The opinion of the court was delivered by
Breaux, J.
The defendant was indicted for murder.
He was found guilty of manslaughter.
He appeals from the sentence and judgment condemning him to serve ten years at hard labor in the State penitentiary.
He was indicted in the parish of Iberville, in which parish, the jury having twice failed to agree, two mistrials were entered.
On the 24th of October, 1894, the accused was in court when the District Attorney filed a motion for a change of venue; no grounds were assigned; it was taken under advisement by the court.
On the morning following it was sustained, and the court issued an order permitting the accused to furnish bond for his appearance before the District Court for the parish of West Baton Rouge.
His bond was forfeited in that parish and his sureties paid the amount of the judgment.
In March, 1894, the case having been called for trial, the defendant through counsel interposed an exception on the ground that the change of venue was granted on the mere motion of the District Attorney.
The court in overruling the exception gave as reason, that the *1438 question of change of venue had been determined and no bill of exception was reserved on the ground of insufficiency of evidence or irregularity of the proeedings, and that it was therefore too late to reopen issues previously decided.
After this exception had been overruled an exception ■ was filed to the jurisdiction of the court on the grounds that the accused was not present in court when the order for a change of venue from the parish of Iberville to that of West Baton Rouge was granted.
The court overruled this exception also, and gave for reason that the minutes of the court show that the accused was present when the motion for a change of venue was taken up, and that his presence was not necessary when the court granted the order.
The defendant was again placed on his trial. The jury having failed to agree, another mistrial was entered.
In September, 1894, he was tried for the fourth time and at this last trial he was convicted.
■ Motions for new trial and in arrest of judgment were filed on the part of the defendant and overruled by the court.
WAIVER OR ACQUIESCENCE.
One of the positions on the part of the State is that the accused has acquiesced in the proceeding by not taking a bill of exception. There are many irregularities which the defendant may cure by consent.
. An accused may, it seems, waive many of his rights. He is bound by his acts of omission to plead or reserve his legal rights. In judicial proceedings the doctrine of waiver and acquiescence is a necessity.
It devolves upon us to determine whether there was acquiescence in this case.
It is only on the principle of acquiescence or waiver that the order ■granting the change of venue can be sustained.
As an original proposition it is settled. In Brouillette vs. Judge, 45 An. 243, this court held that “ an order granted on the simple motion and affidavit of the District Attorney without evidence adduced in support of it, and without opportunity offered to defendants to adduce evidence, is irregular, null and void;” and further, “ the nature of the proceedings contemplated clearly involving a contradictory hearing.”
In the case at bar there was not a contradictory hearing unless the *1439 presence of the accused on the day that the motion was filed and taken under advisement gives it that character.
: With reference to notice and contradictory hearing, the State and the accused should be governed by the same rule. Any notice not sufficient to bind the District Attorney as the law officer of the State in criminal prosecutions would be equally as insufficient to bind an accused in a similar ease.
, In State vs. Peterson, 2 An. 921, under laws relative to a change of venue similar to these now in force, the defendant made a written application for a change of venue on the ground of prejudice in the public mind and supported the application with the required affidavit. The application was notified to the District Attorney, and on the same day filed by the clerk.
.• It was contended that the District Attorney, by permitting the application to be filed, waived his right to oppose it.
. “ The practice of the English courts,” said this court, “ appears to be, after application and oath have been made, to move the court for a rule to show cause why the suggestion of partiality should not be entered on the record as unopposed, in order to have a trial in the adjoining courts. When the rule is made absolute, a suggestion, Which is the order of the court for the change of venue, is entered on the record, and this order is not tra\ ersable. But this entry is only made upon cause being shown that it is necessary, and upon reasonable notice to the opposite party.”
After having cited 1 Ohitty Oriminal Pleadings, the court adds: i‘The assent of the District Attorney to the necessity of a change of venue and an order of the court .granting it are not to be presumed from the mere fact of permitting application in writing to be filed.” When, as in this case, it is the Disbiict Attorney who moves for a change of venue, the assent of the accused to the necessity of a change of venue is not to be presumed from the mere fact of permitting applieátion in writing to be filed and immediately taken under advisement.
, On the next day, when the order was given in open court removing the cause, the accused was not present.
His absence, of itself, would not have the effect of vitiating a legal 03,’der making the motion absolute after having heard the evidence.
„But that he did not reserve a bill of exceptions to the order eu.tered.in his absence was not a waiver, of his right to oppose it, as he *1440 had not been notified of the motion, and there had not been a contradictory hearing.
With reference to evidence and hearing this court said, in Brouillette vs. Judge, “ that it was formerly the law, under the act of 1868 embodied in Secs. 1021 and 1172 of the Revised Statutes, that the judge might order a change of venue upon the simple application of the State attorney, or of his own motion, whenever satisfied that a competent jury could not be had in the parish. But by Act 95 of 1876 the law was repealed, and in lieu thereof it was enacted: ‘ That
whenever it shall be established i . any criminal prosecution, by legal and sufficient evidence, that a fair and impartial trial can not be had in the parish where the case is pending, the judge of any court having jurisdiction of the case may, upon the application of the Attorney General, District Attorney, or District Attorney pro tempore, for a change of venue, grant such application.’
“ This statute,” says the court in the case (utterances that equally apply in the case at bar), “ so obviously contemplates a trial of the issues on evidence to be adduced, including the right of the accused to cross-examine witnesses of the State, and also, if so desired, to produce witnesses in their own behalf, that we are bound to conclude that the learned judge must have inadvertently overlooked its existence.”
While it is true that the prisoner may waive notice and hearing, the records do not disclose that one or the other was waived.
It is urged on the part of the State that the defendant in effect gave his consent by signing a bond for his appearance before the District Oourt in West Baton Rouge.
The bond was not copied in the record. Whatever recitals it may contain they can not be construed as a waiver in a capital case of notice and hearing.
The signing of this bond is not a waiver or an admission of notice of the motion to change the venue and the hearing.
This case is remanded without prejudice to the right of the prosecution to renew the application for a change of venue, and without restricting the court’s large discretion in determining whether or not there is ground for change of venue.
However much we regret the necessity of setting aside the verdict and the judgment of the court approving it, we are left no alternative. Our conclusions, not hastily reached, compel us to remand the case.
*1441 It is therefore adjudged and decreed that the sentence appealed from be avoided and reversed; that the verdict be set aside and that the case be remanded to the lower court for a new trial according to law, that the order granting a change of venue and removing the cause is rescinded and annulled and the case remanded to the District Court in and for the parish of Iberville without prejudice to any change of venue for which application may be made, and that the accused be held for trial.