Jones v. State.

## Jones v. The State.

[No. 18,868.    Filed March 17, 1899.]

CRIMINAL LAW.—*Trial.*—*Presence of Accused.*—The filing by defendant of a motion for change of venue and for leave to summon witnesses to appear and testify in support thereof and the proceedings of the court on such motions are neither parts of the trial, nor incidents of it, within the meaning of the provisions of section 1855 Burns 1894, that no person prosecuted for an offense punishable by death, or confinement in the state prison or county jail shall be tried unless present during the trial. *p. 320.*

SAME.—*Change of Venue.*—*Separate Trial.*—The separate motion of one jointly indicted with another for a change of venue involves and includes a motion for a separate trial. *p. 320.*

SAME.—*Separate Trial.*—*Affidavit of One Jointly Indicted.*—*Appeal and Error.*—The affidavit of a person jointly indicted with appellant, but separately tried, is not competent evidence on appeal to show that such person did not demand a separate trial. The record is the proper evidence of the proceedings of the court. *p. 320.*

VENUE.—*Change Of.*—*Discretion of Court.*—*Appeal and Error.*— Under the statute, section 1840 Burns 1894, it is discretionary with the court to grant or deny a motion for change of venue, and an

Jones *v.* State.

order of court refusing a change of venue will not be disturbed on appeal where there is no abuse of discretion shown. *pp. 320, 321.*

CRIMINAL LAW.—*Jury.—Misconduct.—Separation.—New Trial.*—No error was committed in overruling a motion for a new trial based upon the alleged misconduct of the jury ·in separating after they retired from the court room, without leave, where it is shown that the separation was unavoidable ; that they were not out of the custody and sight of the bailiff, and that not a word was spoken to them by any person. *p. 321.*

From the Ohio Circuit Court. *Affirmed.*

*J. B. Coles,* for appellant.

*William L. Taylor,* Attorney-General, *Merrill Moores* and *H. R. McMullen,* for State.

DOWLING, J.—The appellant was jointly indicted with one John Jones for assault and battery with intent to rob. An application for a change of venue on account of local excitement and prejudice against him was made by appellant. In connection with this motion, ˙appellant asked the court to "cause witnesses cognizant of said facts," (referring to the alleged excitement and prejudice) "to be summoned into court to state their knowledge of said facts under oath." The names of the supposed witnesses were not given, nor was it shown where they could be found. Counter-affidavits were filed on behalf of the State, and the motion for the change of venue was overruled. The case against his codefendant, having been disposed of, the appellant was separately tried, and was found guilty. Motion for a new trial overruled, and judgment on verdict.

The reasons presented for a new trial were (1) that the court, in the absence of appellant, who was confined in jail, received and acted upon his motion for an order to summon witnesses in aid of his application for a change of venue; (2) that the court, in the absence of appellant, received and acted upon his motion for a change of venue; (3) that the court directed that appellant's codefendant, John Jones, be tried separately; (4) that the court required appellant to be separately tried; (5) that the court permitted improper state-

ments to be made to the jury by the prosecuting attorney and his deputy during the argument; (6) that the court overruled appellant's motion to be tried jointly with his codefendant, John Jones, or that he be discharged from custody; (7) that the court refused to change the venue of the cause on appellant's motion; and (8) that, after the jury had retired from the court room, they separated without leave, and went into a coal shed in the rear of the court-house, the deputy prosecutor being there at the same time.

The statute declares that no person prosecuted for an offense, punishable by death, or by confinement in the state prison, or county jail, shall be *tried,* unless personally present *during the trial.* Section 1855 Burns 1894, section 1786 Horner 1897.

But the filing of motions for leave to summon witnesses, and for a change of venue, and the proceedings of the court on these motions, are neither parts of the *trial,* nor incidents of it. Such proceedings are merely preliminary to the trial. Nor is it denied that appellant was present by counsel when these proceedings took place. *Epps* v. *State,* 102 Ind. 539; *People* v. *Ormsby,* 48 Mich. 494, 12 N. W. 671; *Reed* v. *State,* 147 Ind. 41; *Lillard* v. *State,* 151 Ind. 322.

The separate motion of the appellant for a change of venue involved and included a motion for a separate trial. *Shular* v. *State,* 105 Ind. 289, 55 Am. Rep. 211; *Brown* v. *State,* 18 Ohio St. 496.

Besides, John Jones, the codefendant of appellant, who was tried first, may have demanded a separate trial, which he had a right to do, and which would have worked a severance, whether appellant desired a separate trial or not. It is true that John Jones denies this in an affidavit; but the record in his case was not produced, nor was any copy of the record included in the bill of exceptions, and such record is the only competent evidence of the proceedings of the court. Defendants jointly indicted have the right to demand *separate* trials, but neither the common law nor the statute gives the

right to a joint trial, and it has been said that the court, of its own motion, may suggest separate trials when justice demands it.    Section 1891 Burns 1894, section 1822 Horner 1897; *Shular* v. *State,* 105 Ind. 289.

The statements made in the argument which are complained of did not transcend the proper bounds of discussion, and violated no rule of law.

Under the statute, section 1840 Burns 1894, section 1771 Horner 1897, it was discretionary with the court to grant or deny the motion for a change of venue, and in its refusal to send the case to another county there was no abuse of that discretion.

The last error discussed relates to the alleged misconduct of the jury.    The statement of the facts in the motion for a new trial, and in the affidavits filed with that motion, is vague and indefinite at best.    The affidavits filed on behalf of the State showed that there was no separation of the jury; that they were not out of the custody and sight of the bailiff for an instant; that their presence in the place mentioned was proper and unavoidable; and that not a word was spoken to them by any person.    It cannot be said that there was any censurable irregularity in their conduct, or that the appellant suffered the slightest injury in consequence of their actions at the time referred to.    Upon this point, the court was fully justified in overruling appellant's motion.

Finding no error in the record, the judgment is affirmed.