LAND, J.
In March, 1904, Alford W. Sheppard was indicted in the parish of Winn for murder, was arrested under a bench warrant, and incarcerated in the parish jail of parish of Caddo for safe-keeping.
In August, 1904, on the suggestion of the accused, counsel was assigned to defend him. The attorneys thus appointed presented to the court a petition for change of venue, duly verified by the affidavit of the accused. This petition alleged that the accused was incarcerated in said jail for safe-keeping “on account of the inflamed sentiment and prejudice existing against him in Winn parish,” which rendered it unsafe for him to return to said parish “for arraignment or trial,” and that for the same reason he could not obtain a fair and impartial trial in said parish.
The petitioner waived his right to be present at the trial of the application, and asked that the same be tried in his absence and without his arraignment, and further prayed that a plea of not guilty be entered for him.
The prayer was for a change of venue to some parish allowed by law, wherein he could be tried without endangering his life at unlawful hands, and where he could obtain a fair and impartial trial.
The application was tried in chambers, and a change of venue granted, and the case transferred for further trial to the parish of Rapides, in an adjoining district.
A copy of all the proceedings was filed in the district court of Rapides parish, and the accused was transferred to the jail of said parish.
In November, 1904, the accused was duly arraigned in open court, and pleaded not guilty. The case was set for trial for December 1, 1904. On the day thus fixed, the accused filed an exeex>tion to the jurisdiction of the court on' the ground that the order changing the venue to the parish of Rapides had been improvidently granted, because said parish “is not adjoining the parish of Winn, nor is it of the same judicial district.” The accused prayed that the court refuse to take jurisdiction of the cause, and it be sent back to the parish of Winn, in order that a proper and legal disposition of the same might be had according to law.
The district attorneys of the two districts thereupon filed a motion to vacate the order granting a change of venue and for the remanding of the case to the parish of Winn, on the ground that the record showed affirmatively that the accused was not present on the trial of the motion for a change of venue, and that such presence was essential, and could not be waived in a capital case. This motion was overruled, and the said officials thereupon filed the application now before the court.
The ground relied on in the application is the personal absence of the accused .during the proceedings had with reference to the change of venue.
The accused has made no complaint that he was absent on the trial of his application for a change of venue, and it is difficult to conceive how he can be injured, when the prayer of his petition for such change was granted. The only complaint of the accused, as shown by the record, is that the judge ordered the transfer of the cause to an improper parish. This complaint has not been passed upon in the lower court, and therefore is not before us.
As the accused was plaintiff in the application, he was necessarily before the court *771 for the purposes of the hearing and determination of the same. In State v. Dubuclet, 46 La. Ann. 1436, 16 South. 375, where a change of venue was ordered on motion of the state, without notice to, and a contradictory hearing with, the accused, although the court held that there was no waiver, the principle that a defendant in a murder case may waive such irregularities was distinctly recognized. In the case the court declared that the principle of acquiescence and waiver was applicable, and that “the prisoner may waive notice and hearing.” The case is much stronger where the accused is the plaintiff in the application. In the case at bar the accused expressly waived his personal presence at the hearing for the alleged reason that his attendance would endanger his life. We do not consider that his physical presence was necessary under the circumstances disclosed by the record. Bishop states that the presence of the prisoner, when represented by counsel, is not essential in “the considering and making of an order changing the venue.” Crim. Prac. 1, p. 209. We approve this doctrine.
Section 1031 of the Bevised Statutes of 1870 provides that “the accused may, before arraignment and plea of not guilty entered, make application to the judge in chambers for a change of venue: provided, that such application shall be considered as a full answer to the indictment in the same manner as if said accused had pleaded not guilty.” The application of the accused was made under this section, which dispensed him from appearing in open court, and provided for proceedings in chambers. If it was not necessary for the accused to personally appear and plead to the indictment, a fortiori it was not necessary for him to be personally present on the trial of his own application for a change of venue.
It is therefore ordered that the relief prayed for by relators be denied, and their application be dismissed.