STATE v. DOUTHITT et al.

[No. 2519. Jan. 8, 1921.]

SYLLABUS BY THE COURT.

1. A defendant in a criminal case is entitled to make reasonable and pertinent inquiries of the juror on his voir dire, so that he may exercise intelligently and wisely his right of peremptory challenge; but he has no right to ask a juror as to whether he believes in any principle of law applicable to the case, such, for example, as whether he believes in the principle of law which requires the jurors to presume the defendant innocent of the commission of any crime, and whether, if selected as a juror, he can enter the trial of the case with the presumption of the innocence of the defendant in his mind, and whether he can give the defendant the benefit of a reasonable doubt, if such doubt should arise, as these are all matters of law which the juror was bound to take from the court.          P. 536

2. Where testimony is admitted on behalf of the state upon the statement by the district attorney that the defendants will be connected with the evidence, and the state fails to make the connection, it is the duty of counsel for the defendant to move to strike out the evidence so admitted.          P. 539

3. Evidence of a conversation occurring immediately preceding the shooting, and about which the shooting arose, is admissible as part of the res gestæ.          P. 539

4. In order to take advantage of an alleged error on ap-

peal, the trial court must have been given an opportunity to pass upon the question, and the stating one ground of objection to the introduction of evidence at the trial and urging a different ground on appeal is unavailing to the complaining party.                                                              P. 540

5. Error cannot be assigned upon the overruling of the objection to a question, where the question was never answered.                                                             P. 540

6. A witness may know that the reputation of a party for truth and veracity is good in a given community, although he has never heard any one discuss it.             · P. 541

7. Instruction reviewed, and **held** not erroneous on the ground urged.                                                       P. 541

Appeal from District Court, Chaves County; Brice, Judge.

Elgin Douthitt and Velpo Douthitt were convicted of unlawfully firing a deadly weapon at another, and they appeal. Affirmed.

H. M. Dow and C. O. THOMPSON, both of Roswell, for appellant.

A juror is incompetent if his opinion is of such decided character that he could not give due weight to the presumption of innocence. 24 Cyc. 305; Territory v. Lynch, 18 N. M. 15; State v. Start, 60 Kan. 256, 56 Pac. 15; People v. Thacker, (Mich.) 66 N. W. 562; Stephens v. People, 38 Mich. 739; Oliver v. State, (Neb.) 7 N. W. 444; Randall v. State, (Tex.) 28 S. W. 953; State v. Moody, (Wash.) 51 Pac. 356; State v. Rutten, (Wash.) 43 Pac. 30.

Conversation was inadmissible. 10 R. C. L. p. 960.

Instructions specified were erroneous because they assumed existence of a fact in dispute. 14 R. C. L. p. 738, 786.

H. S. BOWMAN, Asst. Atty. Gen., for the State.

Questions involving points of law are not proper to be sumitted to jurors on their voir dire examination. State v. Perious, 107 La. Ann. 601, 31 So. 1016; Rober-

son v. State, 24 So. 474; Ryan v. State, 92 N. W. 271; People v. Conklin, 67 N. E. 624; Brown v. State, 25 So. 63; Fugate v. State, 37 So. 557.

The point to which a voir dire examination of jurors may be extended is within the discretion of the trial court and that there must be a flagrant abuse of such discretion before a reversal can be had. Epps v. State, 102 Ind. 539, 1 N. E. 491; Swift & Co. v. Platte, 68 Kan. 13; 72 Pac. 271.

Questions as to presumption of innocence properly stricken. Richards v. U. S., 175 Fed. 911; State v. Willie, 134 N. W. 951; State v. Davis, 14 Nev. 439; Com. v. Calhoun, 86 Atl. 472; State v. Turley, 88 Atl. 562.

After evidence is admitted objection comes too late. Motion to strike is proper remedy. 16 C. J. p. 879; James v. Hood, 19 N. M. 234; State v. Orfanakis, 22 N. M. 107; Davenport v. Cummings, 15 Iowa 219; State v. Cheshire, 22 N. M. 319.

Objection to evidence now asserted was not raised below. McKenzie v. King, 14 N. M. 375.

Where no answer is made to improper question, error is harmless. Conoly v. Cayle, 6 Ala. 116; Church v. Davis, 93 Mich. 477, 53 N. W. 732; Carter v. Bedertha, 124 Mich. 548, 83 N. W. 277; Warson v. McElroy, 33 Mo. App. 533; Carder v. Prunin, 52 Mo. App. 102; Louis v. State, 8 Neb. 405; Washington Luna, etc., v. Goodrich, 110 Va. 692, 66 S. E. 977.

As has been repeatedly held by this and the Territorial Supreme court, unless exceptions are saved to the overruling of objections to admission of testimony, no question thereon can be raised here. Fullen v. Fullen, 21 N. M. 212, 225; 153 Pac. 294; Territory v. O'Donnell, 4 N. M. 196, 12 Pac. 743; Laird v. Upton, 8 N. M. 409, 45 Pac. 1010.

It is not necessary that the remarks regarding the reputation of the witness being impeached should have

been made recently. Prior character at any time may be admitted as relevant to show present character. 1 Wharton's Criminal Evidence (10th Ed.) p. 1007; Underhill on Criminal. Evidence, p. 291; Kirkham v. The People, 170 Ill. 9, 14; Hauk v. The State, 148 Ind. 238, 60; State v. Miller, 156 Mo. 76, 79; Fry v. State, 96 Tenn. 467; State v. Knight, 118 Wis. 473, 77.

### OPINION OF THE COURT.

ROBERTS, C. J. [1] This appeal is from the judgment pronounced upon a verdict of the jury finding appellants guilty of the offense of unlawfully firing off a deadly weapon at one Allen Doyal in Chaves county, N. M. A reversal is claimed upon nine assignments of error, the first three of which will be considered together, as they are related. They had to do with voir dire examination of the jurors, and it is objected that the court erroneously refused to permit the appellants to ask the jurors: First, whether they could enter the trial of the cause with the presumption of the innocence of the defendants in their minds; second, whether they believed in the principle of law that presumes one charged with the commission of a crime by indictment or information to be innocent and if sworn to try the case they could enter the trial with the presumption of innocence in favor of the defendants; and, third, whether, if selected as jurors, they could give the defendants the benefit of reasonable doubt if such doubt should exist.

The case principally relied upon by appellants is apparently that of Territory v. Lynch, 18 N. M. 15, 133 Pac. 405, but that case is not authority for the right of a party to ask jurors on their voir dire as to whether they believe in the principle of law which it is their duty to apply in a criminal case, and whether they will be governed by that law in arriving at a verdict. The rule in this state, as in the majority of the United States, is that the defendant in a criminal case is entitled to make reasonable and pertinent inquires of a juror on

his voir dire, so that he may exercise intelligently and wisely his right of peremptory challenge (16 R. C. L. 246), and this was the effect of the holding in the Lynch Case. Appellants have cited us to no authority which holds that it is proper to interrogate the jurors on voir dire examination as to their belief in the principle of law, or their willingness to be guided by their oaths, which of course bind them to take the law from the court.

In the case of Ryan v. State, 115 Wis. 488, 92 N. W. 271, the court held that upon the examination of a juror on his voir dire it was not error to exclude a question as to whether he knew that the defendant in a criminal case was entitled to the benefit of the presumption of innocence, since that called upon him to anticipate the instructions to be given by the court, and in that case it was likewise held that it was not error to exclude a question as to whether the juror, if selected, would give the defendant the benefit of the presumption of innocence throughout the trial of the case.

In the case of Hughes v. State, 109 Wis. 397, 85 N. W. 333, several jurors were asked whether in case of a reasonable doubt in their minds as to the guilt of the accused they would give him the benefit of such doubt, and it was held that the court properly excluded the question.

In the case of People v. Conklin, 175 N. Y. 333, 67 N. E. 624, in discussing a similar question, the court said:

"The defendant's counsel propounded certain questions to individual jurors upon a challenge for principal cause, which were objected to by the district attorney, and, the objection being sustained by the court, an exception was taken. The questions were substantially the same in every case. The juror was asked whether he knew that, in law, the accused in a criminal case was to be presumed innocent until proved guilty, and that the proof in a criminal case must be stronger, in order to convict, than in a civil case involving like issues. The objection to these questions was properly sustained. The

qualifications of a juror do not depend in any degree upon his knowledge, or want of knowledge, of the law of evidence as applicable to criminal trials. These were all matters of law, which the juror was bound to take from the court. A juror cannot be a law to himself, but is bound to follow the instructions of the court in that respect, and hence his knowledge or ignorance concerning questions of law is not proper subject of inquiry upon the trial of the challenge for cause."

In the case of State v. Perioux, 107 La. 601, 31 South. 1016, the court held that it was improper to ask a juror if he was accepted if he would give the benefit of any doubt created in his mind by the evidence to the accused and acquit him. The court said:

"The law requires the trial judge, at the end of the trial, to charge the jury that if a reasonable doubt find lodgment in their minds as to the guilt of the accused, they must give the latter the benefit of the same and acquit, and it is not to be supposed, in advance, that the jury will decline to heed the charge so to be given, or that a juror will refuse to be instructed by the court."

And this observation by the court is very pertinent here, because these questions which they were propounding to the jurors would of course be covered by instructions of the court, and it would be somewhat of a reflection on the jurors to imply that they might be willing to violate their oaths.

To the same effect were the cases of Roberson v. State, 40 Fla. 509, 24 South. 474; Brown v. State, 40 Fla. 459, 25 South. 63.

In the case of Fugate v. State, 85 Miss. 86, 37 South. 557, a juror was asked as to his conception and understanding as to what a reasonable doubt was. The court said:

"There was no error in refusing to allow defendant to examine the juror Emmett Livingston on his voir dire as to his conception of a reasonable doubt. Jurors on their voir dire examination are not to be led into the tangled mazes of this metaphysical field."

The extent of the examination of jurors upon their voir dire is largely in the discretion of the trial court, and this discretion will not be interfered with except

in a case of abuse. Here there was no abuse of the discretion, as the record shows that there was a full and complete examination of the jurors, except as to the question of their belief in and willingness to apply the law, which they were required to take from the court, and no juror had indicated that he had theretofore formed or expressed any opinion as to the merits of the case. The examination of jurors would be interminable if parties were allowed to take up the whole law of the case item by item, and inquire as to the belief of the jurors and their willingness to apply it.

[**2, 3**] The fourth point urged is that the court erred in refusing to sustain appellant's objection to certain testimony regarding a conversation between the prosecuting witness Doyal and Otto Douthitt. Doyal had testified that he found Douthitt tearing down a fence, and was going to arrest him when Douthitt retreated to a dirt water tank. It was the theory of the state, and there was evidence to prove it, that the two defendants were concealed behind the tank, and the conversation objected to took place between Doyal and Otto Douthitt while Douthitt was standing by the tank, and it was a reasonable inference from the evidence that the two defendants heard all that was said. At least they were in a position to have heard it. When the objection was made to the evidence, the prosecuting attorney stated to the court that he expected to later on connect the two defendants with the conversation. Even if the connection was not made, the court was justified in admitting it upon the assurance by the district attorney that it would be connected. If the state failed to do this, the defendants should have moved to strike it out. State v. Orfanakis, 22 N. M. 107, 159 Pac. 674. The testimony was also admissible upon the ground that it was a part of the res gestæ. The conversation occured immediately preceding the shooting, and while Douthitt was trying to get Doyal to come down to the tank and arrest him, immediately after which the shooting took placed. Under the authority of the case of State v.

Chesher, 22 N. M. 319, 161 Pac. 1108, the evidence was properly admitted upon the theory that it was a part of the res gestæ.

[4] It is next argued that the testimony of the witness Doyal, to the effect that he had been ordered by the justice of the peace of the precinct for which he was constable to watch the fence, which it is claimed that Otto Douthitt was tearing down, and to arrest any one attempting to tear it down, was improperly admitted. The objection interposed in the district court was that it was "incompetent, irrelevant, and immaterial, not redirect examination, and the order that Judge Bell had made would not be any authority of law for him to act." Appellants here argue that this testimony was hearsay, and therefore inadmissible. The objection interposed was not upon that ground, and therefore this ground cannot be urged upon appeal. McKenzie v. King, 14 N. M. 375, 93 Pac. 703. It has been repeatedly held by this court that in order to take advantage of an alleged error on appeal, the trial court must first have been given an opportunity to pass upon the question, and that stating one ground of objection to the introduction of evidence at the trial and urging a different ground on appeal is unavailing to the complaining party. State v. Lindsey, 26 N. M. 527, 194 Pac. 877.

[5] The sixth error assigned is that the court erred in admitting the testimony of the witness Hennessy on cross-examination as to when he first heard of the alleged shooting at the witness Doyal by the appellants. An examination of the transcript shows that the question was never answered, and therefore no harm was done, even if the objection was improperly overruled. We fail to see how it would have been improper to have asked the witness on cross-examination when he first heard about the shooting about which he had been testifying.

What has been said disposes also of the seventh error urged.

[6] The eighth point argued is that the trial court erroneously refused to strike from the record the testimony of the witness Browning relative to the reputation of the witness Doyal for truth and veracity. Browning testified that the reputation of Doyal for truth and veracity was good. Upon cross-examination it appeared that the witness had not heard the reputation of Doyal discussed for some time, and therefore a motion was made to strike the testimony upon the ground that the witness was not qualified to testify regarding the reputation of Doyal. There is no merit in this objection. A witness may know that the reputation of a party for truth and veracity or good moral character is good in a given community, although he has never heard any one discuss it. The mere fact that it has not been discussed is sufficient to justify the witness in saying that it is good.

[7] It is lastly urged that instruction No. 12, given by the court, was erroneous upon several grounds. The instruction was as follows:

"Instruction No. 12. You are instructed that if you believe from the evidence that Allen Doyal was, on the 19th day of August, 1919, or on the date that this offense was committed if you find that it was committed, duly elected, qualified and acting constable in and for the Cap Rock precinct in Chaves county, N. M., then and in that event he had a right to make an arrest for a violation of law committed in his presence, and had the right to pursue such violator of the law upon his own property for the purpose of making such arrest without a warrant within his precinct, and you are further instructed that it is a violation of the laws of New Mexico to tear down a fence constructed upon land belonging to another without the consent of the owner of said land."

The first objection is that it is erroneous, in that a constable is not a conserver of the peace, but as this objection is not discussed it need not be further considered.

It is next urged that there is no testimony in the record that Doyal was a duly elected and qualified constable of the precinct. Doyal, however, testified on direct examination without objection that he was a constable in

said precinct and also on cross-examination. This disposes of this objection.

The third ground is that there is no evidence tending to show that Otto Douthitt was tearing down the fence illegally, or was a violator of the law in that respect, or that he was committing an offense against the laws of the state of New Mexico. The witness Doyal testified on behalf of the state that the fence that was being torn down was upon the homestead of a Mr. Conner. The same witness testified further that the fence in question was on the dividing line of the land of Conner, and that there was some litigation at that time involving the same, and that by reason of this litigation the witness had been instructed by the justice of the peace to see that no one interfered with the fence. But, in any event we fail to see how the instruction was prejudicial to the appellants. They did not defend upon the theory of self-defense, but rested solely upon an alibi.

Finding no error in the record, the judgment is affirmed; and it is so ordered.

PARKER and RAYNOLDS, J.J., concur.