7 P.(2d) 936

**STATE v. FLETCHER.**

No. 3686.

Supreme Court of New Mexico.

Jan. 16, 1932.

Rehearing Denied Feb. 19, 1932.

G. L. Reese, Sr., of Roswell, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

SADLER, J.

The appellant was convicted of second degree murder in the district court of Chaves county on change of venue from Lea county, and prosecutes this appeal from the judgment of conviction. He first complains that the dis-

trict court of Chaves county never acquired jurisdiction to try the case by reason of the following facts: Great feeling appears to have been engendered as result of the killing out of which the prosecution arose. A mob formed at Hobbs, in Lea county, and proceeded to Lovington, the county seat, where the appellant was confined in jail, and threatened to take him from the custody of the officers. He was spirited to a nearby field, and his whereabouts concealed until opportunity permitted, and then removed to the county jail in Chaves county for safe-keeping pending trial.

These facts are recited in a stipulation for change of venue filed in the case in Lea county, signed by James N. Bujac as assistant district attorney and James H. Mathers of Oklahoma City, Okl., as attorney for appellant. On the faith of such stipulation, and subsequent to the formal arraignment of appellant in Lea county, when upon his own request he was given further time to plead, an order changing the venue to Chaves county was entered. Thereafter, and subsequent to the employment as resident defense counsel of O. E. Little, of Roswell, the appellant was formally arraigned before the district court of Chaves county, entered his plea of not guilty, and all subsequent proceedings were had in that court.

 It is argued that the order changing the venue is a nullity because the attorney who signed the stipulation for appellant was a nonresident and did not have resident counsel associated with him; that his acts therefore were unauthorized and appellant not a party to the stipulation. He cites section 2 of rule XIII of this court, which plainly applies only to appearances in this court. However, there is a statute, section 9-126, Comp. St. 1929, regulating the appearance of foreign counsel in all the courts of this state. The policy reflected by the rule and statute in question is primarily for the protection of the courts themselves in assuring an orderly administration of justice. It may not be invoked by a party in repudiation of the acts of an attorney done in his behalf unless the appearance of such attorney was in fact unauthorized.

The appellant does not question the fact of his employment of Attorney Mathers to act for him not only in procuring a change of venue but in the defense of the case. And before arraignment in Chaves county said attorney did associate resident counsel. The appellant proceeded to trial without questioning the jurisdiction or venue of the district court in which the case was being tried. The right thus to secure a change of venue by consent, even in the absence of statutory provision therefor, is recognized. 27 R. C. L. 811. The district court of Lea county in changing the venue did exactly what appellant asked it to do, and it does not lie in his mouth to complain of the order upon any of the grounds urged against it. Territory v. Taylor, 11 N. M. 588, 71 P. 489; State v. Balles, 24 N. M. 16, 172 P. 196; Maharry v. Maharry, 5 Okl. 371, 47 P. 1051. Nor is there merit to the objection that the record fails affirmatively to show the presence in court of appellant at the time the order changing

venue was made. His presence was not required on such an occasion. 1 Bishop Crim. Proc. § 269; 16 C. J. 216, 815; Polk v. State, 45 Ark. 165; Bond, v. State, 63 Ark. 504, 39 S. W. 554, 58 Am. St. Rep. 129; Jones v. State, 152 Ind. 318, 53 N. E. 222; Blanton v. Commonwealth, 210 Ky. 542, 276 S. W. 507; State v. Blackman, 113 La. 768, 37 So. 719; State v. Elkins, 63 Mo. 159; Phipps v. State, 100 Tex. Cr. R. 607, 272 S. W. 209.

■ It is also complained that the trial court unreasonably limited appellant's right to cross-examine the witness Reasnor with reference to certain damaging testimony given at the trial, but not disclosed in the testimony of such witness at the preliminary hearing. This testimony was, in substance, that shortly before the homicide appellant left the place which later became the scene thereof, stating he would get a gun and return in a short time and hold off the others present while he collected from one Arnold a bill which had been the occasion of his first visit to the place in question. The witness gave as the reason for not divulging this important testimony while testifying at the preliminary that he was not asked any question concerning it, and that he simply answered the questions that were asked him. Pressing the inquiry further, his counsel then asked the witness whether before being placed on the stand at the preliminary he had disclosed to the district attorney the appellant's threat to go get a gun and return.

Thereupon objection was interposed by the district attorney that all inquiry about what the witness had told the district attorney was improper; that the district attorney could put on or withhold at the preliminary such of his evidence as he saw fit. Upon a retort by appellant's counsel that he was seeking to impeach the witness, the further objection was urged that it was not the way to go about impeaching a witness, that no proper predicate for the impeachment sought had been laid, and that defense counsel could not argue with the witness. The court sustained the objection and the witness was not permitted to answer the question. The appellant excepted and urges that this ruling is in direct violation of the doctrine laid down in State v. Archer, 32 N. M. 319, 255 P. 396, 400, under similar facts.

We think the ruling of the lower court was correct because no proper predicate for this impeachment had been laid. Here appellant's counsel was seeking to impeach the witness by testing the truth or accuracy of what he now was relating by the fact of its statement or omission in the witness' story of the circumstances surrounding the homicide as told to the district attorney prior to the preliminary hearing. In State v. Archer, supra, we said: "It is well understood that, if the witness when he has an opportunity to speak, and where it would be natural to speak, or where it was his duty to speak, fails to make an important disclosure, which he afterwards makes on the stand, it is a circumstance which, although susceptible of explanation, if unexplained, tends to impair the credibility of the witness."

But, before the omission to make a claimed important disclosure on a prior occasion may properly have this effect, a situation calling or furnishing the opportunity for such disclosure, or imposing the duty to make it, must have been shown to exist. Accordingly, the cross-examiner, before putting the impeaching question, must by his cross-examination at least make a prima facie showing as to time, place, and circumstance of the omission, on the prior occasion, sufficient to warrant the inference that the opportunity for disclosure and the duty to disclose existed. Whether there had been time and opportunity for an interrogation of this witness by the district attorney prior to the preliminary in a way designed to elicit all the facts, or calling upon this witness in good faith to disclose them, is not shown.

The record does disclose that the preliminary was held at Lovington on the day following the homicide at Hobbs. There was great excitement over the killing as indicated by the threat of mob violence. With this situation prevailing and the district attorney's attention undoubtedly distracted by reason thereof, his opportunity for full and satisfactory interviews with witnesses may have been greatly narrowed. Whether he was able to talk to this witness five minutes or an hour before he put him on the stand, and whether such time as he was able to give to the witness came before the commencement of the preliminary or during the progress thereof, all are matters left to conjecture. They were not developed on the cross-examination. The significance of the failure to disclose at that time the facts now related could not be measured unless a state of facts giving the omission such significance were first shown.

It is the fixed rule that, before a witness may be impeached by proof of former contradictory statements, his attention must first be directed to what may be brought forward for that purpose. And this must be done with particularity as to time, place, and circumstances, so that he can deny it, or make any explanation intending to reconcile what he formerly said with what he is now testifying. Ayers v. Watson, 132 U. S. 394, 10 S. Ct. 116, 33 L. Ed. 378; 5 Jones, Com. on Evidence, § 845. The rule is statutory in this state. Section 45-605, Comp. St. 1929. And, where the impeachment is predicated upon the omission to make a statement on a prior occasion, fairness to the witness demands the preliminary showing of time, place, and circumstance with as great particularity in the one case as in the other. The protection furnished by the rule is primarily for the benefit of the witness, not the parties. State v. Carabajal, 26 N. M. 384, 193 P. 406, 17 A. L. R. 1098.

█ Other points are relied upon for reversal and argued in the brief of appellant. Chiefly they relate to the exercise of the trial court's discretion in controlling the course of cross-examination on matters affecting the credibility of witnesses. We fail to see wherein the trial court abused this discretion in any of the rulings complained of. Nor does appellant appear to have been prejudiced in any manner thereby. The court properly sustained the objection to a question asked on cross-examination of the witness Mallory concerning his testimony on a certain point at

the preliminary. He had testified positively that he did make the statement in question at the preliminary. This laid the predicate for the introduction of his preliminary examination on this point, if his present testimony were inaccurate or untrue. Territory v. Clark, 15 N. M. 35, 99 P. 697. But such evidence was not tendered, nor was the witness' present testimony otherwise sought to be contradicted. The appellant is in no position to complain here. We have given careful consideration to each of the errors assigned and ably presented by appellant's counsel, appearing in the case for the first time in this court, and are convinced that the appellant has received a fair trial.

It follows that the judgment of the trial court should be affirmed, and it is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

WATSON and PARKER, JJ., did not participate.