THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAX GRUBERMAN, Defendant.

County Court, Kings County, May 20, 1944.

*Max Gruberman*, defendant in person.

*Thomas Cradock Hughes, Acting District Attorney (Edward H. Levine* of counsel), for plaintiff.

LEIBOWITZ, J.   In January, 1937, Max Gruberman was convicted of armed robbery and was sentenced to a term of twenty to forty years in State prison, where he is now confined.   More than seven years have passed since he was sentenced.   He now moves to set aside the judgment of conviction on the ground that he was denied due process of law within the prohibition of the State and Federal Constitutions.   His chief complaint is that the Trial Judge compelled him to proceed to trial with an attorney who was not of his choice and that he was not afforded a sufficient opportunity to prepare his defense.

He relies upon a recent decision of the Court of Appeals, to wit: *People* v. *McLaughlin* (291 N. Y. 480 [1944]) ; and, also, upon the case of *Matter of Lyons* v. *Goldstein* (290 N. Y. 19 [1943]).

After conviction, Gruberman appealed to the Appellate Division.   Upon the appeal to the Appellate Division, as set forth in his brief, Gruberman presented the very same objections that are now raised by him on the application to this court.   These matters were considered by the Appellate Division and were decided adversely to him.   There, the judgment of the court below was affirmed without opinion.   (*People* v. *Gruberman*, 251 App. Div. 743.)   Application for leave to prosecute an appeal in the Court of Appeals was denied.

An appellate court having already made its decision upon these very objections, this trial court should not now set itself up as a court of review of the judgment rendered by the Appellate Division.   (*People* v. *Olivere*, 16 N. Y. S. 2d 337.)

Gruberman also petitions for an order directing the Warden of State prison to produce him before this court to argue this motion.

Since the decision of the Court of Appeals in *Matter of Lyons* v. *Goldstein (supra)* the trial courts of our State have been besieged by a plethora of applications of this nature.   Invariably, the convicts have demanded that they be brought from prison to attend the hearings.

The problem is therefore presented whether, upon a motion to set aside a judgment of conviction, the prisoner has an absolute right to be present upon the argument; or is such presence a matter of privilege which is accorded by the court in the exercise of its sound discretion?

Section 6 of article I of the Constitution of the State of New York provides in part as follows: " * * * in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions * * * "

The only New York case which this court has found that bears upon the right of a prisoner to appear in person before the court after sentence was decided by the Supreme Court, New York General Term, in December, 1852, i.e., *The People* v. *Clark* (1 Parker Cr. Rep. 360). In the *Clark* case (*supra*) an argument upon a writ of error was had without the presence of the prisoner. The court held that the presence of the prisoner was not essential to the jurisdiction even if his absence would make the proceedings erroneous. This question has been decided, however, by courts of other jurisdictions as well as by the Supreme Court of the United States.

In *Carman et al.* v. *State* (208 Ind. 297 [1935]) the court wrote:

" As to the first assignment, we think no error was committed by the court in overruling the petition for the return of the appellants to testify. The writ of error coram nobis is in the nature of a motion for a new trial, and, if granted, has the same effect as a new trial.

" In passing upon a motion for a new trial it is not necessary that the defendant be present. *Reed* v. *State* (1896) 147 Ind. 41, 46 N. E. 135. It is not part of the trial as contemplated by the statutory * * * provision requiring the petitioners for a writ of error coram nobis to be present at the hearing on the petition, and no adjudicated case, at least of this court, requires it. The only provision provided by statute for the return of persons confined in state institutions, as we are advised, is found in section 2287, Burns 1926, § 9–1623, Burns 1933, and * * * Baldwin's 1934, which provides that when it is necessary to procure the testimony of a person confined in the state prison and other institution on the trial of any issue upon an indictment or affidavit, or upon any hearing before a grand jury, the court, or judge in vacation, may order a subpœna to be issued, directed to the proper officer, commanding him to bring the witness named before the court. This provision is certainly not applicable to a proceeding for a writ of error

coram nobis. Such a proceeding is not a trial of the issues. The trial has already been had and the only relief that can be granted is the setting aside of the judgment and the granting of the new trial."

In this State there is a similar provision contained in the Code of Criminal Procedure, viz., subdivision 1 of section 10-c, which reads as follows: "A court of record, other than a justice's court of a city, or a judge of such a court, or a justice of the supreme court, has power, upon the application of a party to a criminal action or proceeding pending therein, to make an order for the purpose of bringing before the court, a prisoner, detained in a jail or prison within the state, to testify as a witness in the action or proceeding in behalf of the applicant."

In *Cisco* v. *State* (160 Tenn. 681 [1930]) the court said: "The better authorities seem to hold that the constitutional guaranty of a defendant's right to be present applies only to proceedings prior to and including the return of the verdict of the jury. This appears to be the general rule. In 16 Corpus Juris, 1246, it is said:

" ' In the United States the general rule is that it is not necessary that defendant should be present at the hearing of the motion for a new trial, even though testimony for or against the motion is taken on the hearing, and notwithstanding the fact that defendant is given, by statute or by constitutional provision, the right to be present during his trial, because the hearing for a motion for a new trial is not a part of the trial. In a few States, however, the rule is that defendant must be present on the hearing for a motion for a new trial.'

" In *Percer* v. *State,* 118 Tenn. at p. 775, this court said: ' Defendant's presence is not necessary during proceedings which are no part of the trial, but merely preliminary or subsequent thereto. *Jones* v. *State,* 152 Ind. 318, 53 N. E. 222. According to the better opinion the hearing and determination of a motion for a new trial or in arrest of judgment is no part of the trial, and defendant need not be present. *Com.* v. *Costello,* 121 Mass. 371, 23 Am. Rep. 277; Cyc. Vol. 12, p. 523.' " (See, also, *Schwab* v. *Berggren,* 143 U. S. 442 [1892]); *Rigsby* v. *State,* 55 Okla. Cr. 61.)

Gruberman's motion papers, including his lengthy affidavit, are before the court. The affidavit sets forth in detail the same matters which are contained in the record on appeal. The court finds that his attendance, therefore, would serve no useful purpose.

The court holds that the production of a prisoner upon a motion for a new trial after he had commenced service of his sentence is not a matter of absolute right. His appearance may be ordered where, in the exercise of the sound discretion of the court, it is required for a proper determination of his application.

The application to be produced and the motion to set aside the judgment of conviction are therefore in all respects denied. The District Attorney is directed to submit an order in accordance herewith.