THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LAWRENCE CATANZARO, Defendant.

County Court, Kings County, March 17, 1948.

*Miles F. McDonald, District Attorney (Aaron Nussbaum* of counsel), for plaintiff.

*Lawrence Catanzaro,* defendant in person.

LEIBOWITZ, J. This is a motion by the defendant, in the nature of a writ of error *coram nobis,* to vacate and set aside a judgment of conviction of the defendant in the year of 1942 before Judge FRANKLIN TAYLOR of the County Court of Kings County. The defendant pleaded guilty of the crime of robbery, third degree.

He now alleges that when he entered the plea of guilty and when sentenced by the court, he was neither represented by

counsel nor was he advised of his constitutional right to be represented by counsel.

A similar application was made by the defendant before Judge LOUIS GOLDSTEIN of this court, which application, after due deliberation, was denied.

The application now before this court is, therefore, in effect, a motion for a reargument of the aforesaid application made before Judge GOLDSTEIN. Treated as such, the defendant has utterly failed to furnish any proper basis for the relief sought by him.

The defendant has failed to avail himself of any right of appeal from Judge GOLDSTEIN's decision, and the time within which to appeal has expired (Code Crim. Pro., §§ 517, 521; *People ex rel. Hirschberg* v. *Orange County Ct.,* 271 N. Y. 151, 156).

This application is, therefore, a patent effort by the defendant to institute a new proceeding after his time to appeal has already expired, and thus to circumvent his failure to appeal from the order of Judge GOLDSTEIN within the time limitation prescribed by law.

In any event, the records of the court fully disclose that the defendant was represented by counsel at all stages of the proceedings in 1942, which resulted in his conviction and sentence. The application is, therefore, without merit as a matter of law.

Subsequent to his conviction in 1942, as aforesaid, the defendant was again convicted in 1947, before Judge CARMINE J. MARASCO of the County Court of Kings County. He was then arraigned on an information charging him with being a second felony offender, at which time he admitted identity and was accordingly sentenced as a second felony offender. In these proceedings, he was unquestionably represented by counsel. Nonetheless, he failed to challenge the validity of the 1942 judgment of conviction which was the basis of the second felony offender proceedings. He is, therefore, now estopped from raising that issue at this time. (*Gayes* v. *New York,* 332 U. S. 145 [1947 ].)

Upon the facts disclosed by the official records of the court in this case, there is no requirement that the defendant be granted a hearing (*Canizio* v. *New York,* 327 U. S. 82; *Betts* v. *Brady,* 316 U. S. 455; *People* v. *Gruberman,* 183 Misc. 535).

The motion herein is, therefore, in all respects denied. Submit order in accordance herewith.