360 P.2d 637

STATE of New Mexico, Plaintiff-Appellee,

v.

Cecil THOMPSON, Defendant-Appellant.

No. 6795.

Supreme Court of New Mexico.

March 21, 1961.

**220**

Kasem; and the second, assault with a deadly weapon upon the said Jack Kasem. He was convicted of the latter offense, and he appeals.

The first point urged for a reversal of the judgment relates to the admission into evidence a threat purportedly made by the appellant against Kasem some time prior to the alleged assault. Appellant testified in his own behalf and, on cross-examination, the assistant district attorney asked him, "Did you ever communicate a threat against the life of Jack Kasem on or about December 10, 1958 to a Mr. Curley Maples or a man named Maples whose nickname is Curley Maples?", to which the appellant replied, "There has never been a threat made against Jack to any-one."

In rebuttal Maples was called as a witness, and the record discloses the following proceedings:

"Q. Did you know him on December 10, 1958? A. Yes, sir.

"Q. At that date on December 10, 1958, did you hear Cecil Thompson make anything in the way of threats toward Jack Kasem? A. Yes, sir.

"Q. Please state what that conversation was and what was said? A. Well, we were on our way over to

Neal & Neal, Hobbs, James Warden, Carlsbad, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Boston E. Witt, Norman S. Thayer, Jr., Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

The appellant was charged by an information containing two counts; the first, assault with the intent to kill one Jack

Ft. Stockton and we were driving along and the subject came up about Mr. Kasem—

"Mr. Neal: If the Court please, that is not proper impeachment and we object to it.

"The Court: The objection is overruled.

"Mr. Neal: The question is not properly framed, if the Court please.

"The Court: I think it is offered in evidence for the purpose of impeachment.

"Mr. Hanagan: It is offered for the purpose of impeachment if the Court please, and for the purpose of showing threats were made; it is offered for both purposes.

"Mr. Neal: If the Court please, if it is for impeachment purposes it is not properly framed and that is all it would be admissible for.

"The Court: That is true as to impeachment.

"Q. Did you hear this defendant, Cecil Thompson make a threat in respect to Jack Kasem on the 10th of December, 1958? A. Well, this is what was said—

"Q. Well, did you hear any threats? A. Threats, no, I did not.

"Q. What was said, was anything said, 'I will kill him' or words to that effect? A. Yes, he said he had talked to Mr. Kasem.

"Mr. Neal: Now, if the Court please we object to this as not being framed properly for impeachment and ask the Court to instruct the jury to disregard the statement; he testified he had not made a threat in answer to the impeachment question.

"Mr. Hanagan: If the Court please, the direct question of Mr. Feezer was did he ever make a threat or did he ever tell anyone else he intended to kill him.

"The Court: He answered that there was no statement made and then he said he made other statements conflicting his testimony.

"Q. Did Cecil Thompson tell you he had threatened Jack Kasem? A. He told me he told Jack Kasem, that he had a talk with him a night or so before and he told him he would kill him.

"Q. And that was on December 10th, 1958, is that right? A. Yes, sir."

Appellant contends that the question propounded to him and his answer thereto did not afford adequate foundation for the in-

troduction of Maples' testimony in rebuttal. The statute is controlling. Section 20–2–2, 1953 Comp., reads:

"If a witness, upon cross-examination as to a former statement made by him relative to the subject-matter of the cause, and inconsistent with his present testimony, does not distinctly admit that he did make such statement, proof may be given that he did in fact make it, but before such proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he did make such statement."

In construing the statute we held in State v. Fletcher, 36 N.M. 47, 7 P.2d 936, 938, as follows:

"It is the fixed rule that, before a witness may be impeached by proof of former contradictory statements, his attention must first be directed to what may be brought forward for that purpose. And this must be done with particularity as to time, place, and circumstances, so that he can deny it, or make any explanation intending to reconcile what he formerly said with what he is now testifying. \* \* \* The protection furnished by the rule is primarily for the benefit of the witness, not the parties. \* \* \* "

The correctness of the above holding was reaffirmed in Maestas v. Christmas, 63 N.M. 447, 321 P.2d 631, and from a consideration of the quoted testimony we must conclude that there is prejudicial error in this case. The statutory provisions are mandatory and it is clear that the question propounded to appellant on cross-examination failed to meet the statutory test, particularly as to the place, the occasion, and the circumstances attending the making of the supposed statement to Maples concerning Kasem. This was required in order that appellant could have denied it, explained, or reconciled it with his present testimony. It follows, therefore, that the court erred in admitting the testimony of Maples for impeachment.

The state strongly insists that Maples' testimony, though inadmissible for impeachment purposes, nevertheless, is admissible to show appellant's intent to commit the crime with which he is charged, and that it was the province of the trial court to determine the order of proof. True, the order of proof is a matter within the discretion of the trial court but this rule is not applicable here. The state's case had been closed and Maples' testimony was inadmissible in rebuttal for any purpose. See 23 C.J.S. Criminal Law and cases cited.

For the reasons stated, the judgment must be reversed; however, upon a

retrial another question raised here will likely be renewed in the lower court. Consequently we will dispose of it. The appellant complains of the action of the trial court in refusing to permit him to interrogate prospective jurors on voir dire as to their attitude and frame of mind so as to aid him, as he claims, in the proper exercise of his peremptory challenges. An examination of the record discloses that the questions propounded related principally to the doctrine of reasonable doubt, and the right of self-defense. There was no error in this regard. A juror's personal view as to the law or what it should be is not a proper subject of inquiry on voir dire examination; he is bound by the law received from the court. State v. Douthitt, 26 N.M. 532, 194 P. 879, and cases cited. See also McGee v. State, 219 Md. 53, 146 A.2d 194; People v. Jefferson, 84 Cal.App.2d 709, 191 P.2d 487.

Questions dealing with instructions have also been argued, but, in view of the conclusion announced, we need not discuss them.

The judgment will be reversed with direction to grant appellant a new trial. It is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.