This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,974**

**JOEY LARA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals his convictions for trafficking methamphetamine and conspiracy to traffic methamphetamine. We proposed to affirm in a calendar notice,

and we have received a response from Defendant. We have carefully reviewed Defendant's response, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

**Continuance.** Defendant reasserts his claim that the district court erred in denying his motion for continuance of the trial set for August 6, 2009. As discussed in our calendar notice, the district court had discretion to grant or deny a continuance, and Defendant was required to show that there was an abuse of that discretion and that he was prejudiced as a result. *See State v. Sanchez*, 120 N.M. 247, 253, 901 P.2d 178, 184 (1995); *see also State v. Nieto*, 78 N.M. 155, 157, 429 P.2d 353, 355 (1967). In determining whether there was an abuse of discretion in this case, we considered several factors, including the factors listed in *State v. Torres*, 1999-NMSC-010, 127 N.M. 20, 976 P.2d 20. *Id.* ¶ 10 (referring factors to consider with respect to request for continuance including length of the delay, likelihood that delay would be fruitful, previous continuances in the case, inconvenience to the parties and the court, legitimacy of motives, fault of the movant in causing a need for continuance, and prejudice to the movant).

In the docketing statement, Defendant claimed that his counsel was "second chair" in another trial, she could not meet with Defendant to prepare for trial, she

2

could not review the jury panel, she could not deal with last-minute issues or jury instructions, and she was distracted and exhausted. In response to our observation in the calendar notice that the State had not filed any last-minute pleadings, appellate counsel argues that the State did file a last-minute pleading in the form of a motion to continue the first trial setting based on the fact that the co-defendant could not be transported to the court. We point out, however, that the State's motion for continuance did not include last-minute issues that defense counsel would have trouble addressing because of her busy schedule. In addition, as discussed in our calendar notice, defense counsel was "second chair" in another trial, there were only six jury instructions in this case, and defense counsel was involved in this case for four months prior to trial. Although appellate counsel states that defense counsel "did not have 4 months to devote solely to this case, particularly given she was clearly involved in back-to-back trials," [MIO 4] based on the circumstances in this case, we do not view the district court's ruling as "clearly untenable or not justified by reason." *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted) (defining abuse of discretion). We hold that there was no abuse of discretion by the district court.

**Prosecutorial Misconduct.** Defendant continues to argue that Avery Lara should have been granted immunity in this case, and that the State engaged in prosecutorial misconduct when it "pounce[d]" on Defendant's "course of defense" and left no time for Defendant to call a rebuttal witness. [MIO 5 -7] In our calendar notice, we explained that prosecutorial misconduct results when the prosecutor's conduct had a persuasive and prejudicial effect on the jury such that Defendant was deprived of a fair trial, and we pointed out that the district court had the discretion to determine whether prosecutorial misconduct occurred in this case. *See State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807; *see also State v. Wildgrube*, 2003-NMCA-108, ¶ 20, 134 N.M. 262, 75 P.3d 862.

Avery Lara gave a statement to Officer Mora that Defendant was the "dealer" responsible for the trafficking activities. Avery Lara gave a pre-trial interview to Defendant's investigator that included repeated denials that Defendant was involved in trafficking. A few days after the interview and three days before trial, Avery Lara entered a guilty plea to charges of conspiracy to traffic. On that same date, Defendant named Avery Lara as a witness. The day before trial, the State contacted Avery Lara's counsel to discuss the subject of perjury. [DS 6] On the day of the trial, the State informed Avery Lara's counsel that it would pursue perjury charges against

Avery Lara if he testified that Defendant had nothing to do with the trafficking of methamphetamine. [Id.] Avery Lara was advised to invoke his right to remain silent, and became an unavailable witness at that point. *See* Rule 11-804(A)(1) NMRA (defining unavailability of a witness); *see also State v. Zamarripa*, 2009-NMSC-001, ¶ 23, 145 N.M. 402, 199 P.3d 846 (filed 2008) (stating that an out-of-court statement by an unavailable witness is not excluded if the defendant had a prior opportunity to cross-examine the witness about the statement).

In other words, Avery Lara first denied any involvement in trafficking, and then entered a guilty plea admitting that he was involved in trafficking. The fact that the State ensured that Avery Lara was informed about the possibility of a perjury charge based on his prior inconsistent statements would not have persuasive and prejudicial effect on the jury, and would not deny Defendant a fair trial. We hold that there was no abuse of discretion by the district court in ruling that the State did not engage in prosecutorial misconduct.

Defendant argues that his counsel was "so exhausted" that she did not realize that Avery Lara had already entered into a guilty plea three days prior to trial, and consequently, did not realize that he could not invoke "his fifth amendment privilege." [MIO 5] There is nothing to show that this explanation was given to the district court

5

and there is nothing to show that defense counsel was unaware of the inconsistencies in prior statements made by Avery Lara, including his statement to Officer Mora and his interview with Defendant's investigator. To the extent that defense counsel claims that her exhaustion and her busy schedule may have affected her representation of Defendant in this case, Defendant points to no hearing or pleading to support defense counsel's claims. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." ). Therefore, we do not address Defendant's argument.

**Immunity.** Defendant again claims that the district court erred in denying his request that Avery Lara be granted immunity. Defendant claims that the State's "last minute notice" that led Avery Lara to invoke his right to remain silent justified a grant of immunity in this case. [MIO 8] Defendant suggests that the State's actions amounted to a deliberate intention to disrupt the fact-finding process. [Id.]

As discussed in our calendar notice, however, immunity may be granted to a testifying witness when the testimony or information gained from that witness might be used to prosecute the witness in the future. *See State v. Belanger*, 2009-NMSC-025, ¶ 11, 146 N.M. 357, 210 P.3d 783. Avery Lara pled guilty to charges of conspiracy to traffic and was convicted of those charges. Therefore, he would not be prosecuted in the future for those crimes. The situation in this case would not have warranted granting immunity to Avery Lara. We hold that the district court did not commit error.

**Voir Dire.** Defendant claims that he should have been allowed to ask potential jurors, "If you have 19 good reasons to convict and 1 reasonable doubt what do you do?" [MIO 11] State v. Clark, 1999-NMSC-035, ¶ 38, 128 N.M. 119, 990 P.2d 793. As explained in our calendar notice, potential jurors cannot be questioned about their personal views regarding legal principles. *See State v. Thompson*, 68 N.M. 219, 222-23, 360 P.2d 637, 638-39 (1961) (finding no error in refusing to allow questions to potential jurors related to the doctrine of reasonable doubt or the right of self defense). We hold that the district court did not err in limiting examination of the potential jurors.

**Sufficiency of Evidence.** Defendant continues to claim that his convictions were not supported by sufficient evidence. In particular, Defendant argues that it would have required an unreasonable stretch for the jury to determine which charge of trafficking or conspiracy was encompassed in the aiding and abetting jury instruction.

Defendant claims that the jury instruction on aiding and abetting required the jury to find that Defendant intended that the crime be committed, the crime was committed, and Defendant helped, encouraged or caused the crime to be committed, but the instruction did not mention what "crime" was involved. [MIO 13-14] Defendant claims that he raised this issue in a motion for directed verdict in which he argued that there was a lack of sufficient evidence to support both an aiding and abetting charge and a conspiracy charge. [DS 10-11] Defendant does not claim that he alerted the district court to his specific claim that the instruction did not mention conspiracy or aiding and abetting. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon). Therefore, we will not address the specific argument now made on appeal.

As explained in our calendar notice, there was evidence that transactions between Avery Lara and officers occurred, one officer noticed that Defendant threw an unidentified item on the bed, and one officer testified that Defendant weighed out baggies of drugs, but he was unable to "independently" identify Defendant. Although this evidence did not show direct contact between Defendant and the officers, Defendant's presence and actions during the transactions would support charges of aiding and abetting as well as conspiracy. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). The evidence was sufficient to support Defendant's convictions.

**Double Jeopardy.** Defendant does not oppose our proposed disposition with regard to his claim of double jeopardy violation. Therefore, we affirm on this issue for the reasons included in our calendar notice. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

10