## REED v. THE STATE.

[No. 17,858.   Filed February 17, 1897.]

CRIMINAL LAW.—*Burglary.—Larceny.—Joinder of Counts.*—Where there is a joinder of counts for larceny, and obtaining the same goods by burglary, it is not necessary that the count for burglary should describe the goods intended to be stolen as the same goods charged in the other count to have been stolen. *p. 43.*

SAME.— *Misjoinder of Counts, When Not Ground for Reversal.*— Where there has been a conviction upon one of two counts in an indictment, it is not ground for reversal that there was a misjoinder of counts. *p. 43.*

SAME.—*Motion to Require State to Elect on What Count of an Indictment the Trial Shall Proceed.*—The overruling of a motion by defendant, in a criminal case, to require the State to elect upon which of two counts in an indictment it will put defendant on trial is not reversible error. *p. 43.*

SAME.—*Trial.—Bill of Rights.*—The formal declaration of the sentence is not a part of the trial, within section 13 of the Bill of Rights securing to the accused a public trial. *pp. 43, 44.*

SAME.—*Hearing a Motion for New Trial Not a Part of Trial.—Statute Construed.*—Passing upon a motion for a new trial is not a part of the trial within the meaning of section 1855, Burns' R. S. 1894, providing that no person prosecuted for an offense punishable by confinement in the State's prison shall be tried unless personally present during the trial. *pp. 43–45.*

SAME.—*Special Judge.—Trial in Room Other Than Court Room.*— Where, in case of an emergency, steps are taken in a criminal cause before a special judge in a room in the court house other than the court room, and no legal or constitutional rights of the accused are thereby infringed, the error, if any, is not available. *p. 45.*

SAME.—*Rendering Judgment Before the Hearing of Motion for New Trial.*—The rendering of judgment before motion for a new trial is filed and passed upon is not available error unless the accused was prejudiced thereby. *p. 45.*

EVIDENCE.—*Weight Of.*—The Supreme Court will not pass upon the conflicts of the evidence in a criminal trial. *p. 45.*

PRACTICE.—*Misconduct of Counsel in Argument to Jury.—Duty of Court.*—It is not the duty of the court to require the attorney for the State in the trial of a criminal cause to retract an improper statement made to the jury in his argument, although it is within the province of the court to withdraw such improper statement from the jury. *pp. 45, 46.*

Reed v. The State.

CRIMINAL LAW.—*Practice.*—*Delay of Trial by Defense.*—*Misconduct of Counsel in Argument.*—Where the attorneys for defense in a criminal cause, by frivolous detail in objections and in questioning the witnesses, sought to and did occupy needless time, it is not error for the attorneys for the State to comment thereon in discussing the probable purpose of the defense to divert attention from the merits of the case. *pp. 46, 47.*

TRIAL.—*Use of Stenographer's Copy of Evidence by Counsel in Argument to Jury.*—It is proper for counsel in his argument to the jury in referring to the evidence to do so from the stenographer's copy. *p. 47.*

APPEAL AND ERROR.—*Practice.*—*Misconduct of Counsel.*—*Instructions.*—The refusal of the court to instruct the jury in a criminal cause not to take into consideration anything said by counsel for the State in his argument to the jury concerning the trial of another person will not be considered on appeal, where the record does not purport to give the whole of any such statement, and that they were not properly made in answering some argument of defendant's attorneys. *p. 47.*

SAME.—*Affidavits in Support of Motion for New Trial, How Made Part of Record.*—Affidavits filed in support of a motion for a new trial can only be brought into the record by bill of exceptions. *p. 48.*

JURY.—*Members of Cannot Impeach Their Verdict.*—It is not within the power of jurors by their statements, even when made upon oath, to impeach their verdict. *pp. 48, 49.*

APPEAL AND ERROR.—*Evidence.*—*Review.*—The admission of evidence not objected to and objection properly saved can not be reviewed on appeal. *p. 49.*

CRIMINAL LAW.—*Evidence.*—*Conspiracy.*—One charged with a felony as principal, may be convicted upon evidence of a conspiracy to commit the crime and an actual participation in the act constituting the crime. *pp. 49, 50.*

From the Elkhart Circuit Court. *Affirmed.*

· *J. O. Hoover, O. F. Chamberlain* and *P. L. Turner,* for appellant.

*W. A. Ketcham,* Attorney-General, and *M. R. McClaskey,* for State.

HACKNEY, J.—The appellant was charged by indictment in two counts, first with burglary, and second with larceny, and upon a trial by jury, before a special judge, he was convicted of burglary, as charged in said

first count, and his punishment fixed at three years in the State's prison, and disfranchisement. Motions were made and overruled to quash the counts of the indictment jointly and severally, and the rulings are claimed to have been erroneous because of the failure, in the count for burglary, to describe the goods intended to be stolen, as the same goods charged in the second count to have been stolen. Under section 1817, Burns'R. S. 1894 (1748, R. S. 1881), it has been properly held that such description is not required. McCollough v. State, 132 Ind. 427. In case of the improper joinder of counts, and a conviction upon one count only, there is no error in such misjoinder. Myers v. State, 92 Ind. 390. Neither was it error to deny appellant's motion to require the appellee to elect upon which count the trial should proceed. Glover v. State, 109 Ind. 391; Meyers v. State, supra; Short v. State, 63 Ind. 376; Mershon v. State, 51 Ind. 14; Griffith v. State, 36 Ind. 406.

In various forms, the question is presented as to the action of the trial court in sentencing the appellant, in a room other than the usual public court room, and in thereafter passing upon the motion for a new trial, in his absence. We suppose the first question is intended to find support in the thirteenth section of the Bill of Rights, which secures to an accused "the right to a public trial," and we presume counsel had in view, with reference to the second of these questions, that provision of section 1855, Burns' R. S. 1894 (1786, R. S. 1881), that "No person prosecuted for any offense punishable * * * by confinement in the state prison * * * shall be tried unless personally present during the trial." Either question presents the inquiry as to the force and meaning of the word "trial." "The requirement of a public trial is for the benefit of the accused; that the public may see he is

fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." Cooley's Con. Lim. (5th ed.), 380. Unless, therefore, the formal declaration of the sentence is a part of the trial within the spirit or the letter of the Bill of Rights, as expressed, no error was committed. It has been held that the hearing of a motion to quash an indictment, *Epps* v. *State*, 102 Ind. 539, and the overruling of a motion for a new trial, *People* v. *Ormsby*, 48 Mich. 494, 12 N. W. 671, in the absence of the accused, were not parts of the trial as contemplated by the statutory and constitutional rule. Numerous cases hold that questions of pleading do not relate to the trial. Blackstone's definition of trial is, "the examination of the matter of fact in issue. Black. Com. 330. "In criminal law, an actual trial by jury; not, the arraignment, and pleadings preparatory thereto." Anderson's Law Dic. 1054; *United States* v. *Curtis*, 4 Mason 236. It is true, Bicknell's Crim. Practice, p. 212, says, the judgment should be pronounced in open court, and, we think, this is correct. It is said, also, in Sir Thomas Raymond's Rep. 68: "If H. be convicted upon verdict upon an information or indictment, his fine ought to be set in open court, and not privately in the judge's chamber." The setting of the fine, however, is the act of the trier, under our system, and should be done in the same public manner in which the evidence is heard. Ordering the judgment, or pronouncing the sentence is not a part of the trial, and in this case was but the formal declaration of the result of the trial. While we would be slow to lend our sanction to such secrecy and exclusion in the proceedings of a court, in administering the criminal laws, as to suppress its sentences and judgments

from the public, or to deny the friends of an accused the right to be present on such an occasion, it does not appear, in this case, that the court was not regularly in session, with proper notice of the place of its sitting, and with full opportunity for interested persons to be present.

It many times happens that from special emergency, steps are taken in a cause before a special judge, as in this case, while another cause is on trial, and rendering it necessary to occupy a room in the court house, other than the court room. If in doing so no legal or constitutional right of the accused is infringed, and it is manifest that no substantial injury has been done, error is not available if it exists.

Neither does it appear from the record or briefs of counsel that the appellant was prejudiced by the action of the court in rendering judgment before the motion for a new trial was filed and passed upon. *Calvert* v. *State*, 91 Ind. 473. There is conflict in the evidence, and the first and second causes for a new trial—that the verdict is not supported by the evidence, and that it is contrary to the evidence—must fail, since we are not permitted to pass upon conflicts in the evidence, and it is not claimed that no evidence supports the verdict. There are over fifty other causes for a new trial assigned in the motion, some of which are not argued, some are expressly waived, and some involve questions already passed upon. Those not so disposed of relate to, 1. Alleged misconduct of the prosecuting attorney in the argument; 2. Misconduct of jury in reading, during deliberation upon their verdict, a newspaper containing severe strictures upon the appellant and his defense; 3. Instructions given by the court, and 4. The admission of evidence objected to. Of the first of these, it is complained that the prosecuting attorney commented upon the wealth

of a witness for the State as a reason for giving credit to his evidence. Various objections were urged to such comment, and the attorney for the appellant requested the court to instruct the prosecutor to desist from further statements of like character, and to require retraction of said comment by him. The exception taken was "to the ruling of the court against this request" so made. There was some evidence before the jury of extensive property ownership by the witness, probably justifying comment, and it was an inference for the jury as to whether he was credible. The exception reserved was much narrower than the objection made below and discussed here. A particular statement was before the court, it was not a question of instruction as to future argument of like character and while within the province of the trial court to withdraw from the jury an improper argument by counsel, it is not the court's duty to require the attorney to retract an improper statement. We observe no prejudice to the rights of the appellant in the inference suggested by the prosecutor, and certainly none within the scope of the exception reserved.

Complaint is also made of the comment of counsel for the State upon the length of time consumed by the defense in the trial, and of a comparison thereof with the time occupied in another trial. While the fact of such other trial having taken place was before the jury, the duration of that trial was not in evidence.

However, in reading the proceedings of the trial in this case, it is manifest that the defense, by frivolous detail in objections and in questioning the witnesses, sought to, and did occupy needless time. We are not advised by the record as to the connection, in the State's argument, in which this comment was made, but if made in discussing the probable purpose of the

defense to divert attention from the merits of the case it was neither untruthful nor unfair, except possibly in its reference to the time occupied in another trial, and of that we will make mention further along.

In connection with the appellant's objection to the comments last mentioned, the court was asked to instruct the jury "not to take into consideration anything said by counsel for the State in his argument concerning the trial of Proctor." The record not purporting to disclose all that was said of that trial, it is clear that some reference may have been made to it which it would have been error to have disregarded.

It is claimed further that the appellant's rights were prejudiced by the prosecuting attorney, in his argument, reading an extract of what he claimed was copied by the stenographer from the shorthand notes of the evidence. No error appears in this connection. It is not only common, but proper, in referring to the evidence to do so from the stenographer's copy. Greater accuracy is thereby secured and no cause for complaint can exist.

And it is urged that in commenting upon certain evidence the prosecutor had said that it had been given "under the heavy fire of a rigid cross-examination," when, as claimed on behalf of the appellant, it was not given upon cross-examination. If the prosecutor had been mistaken in this statement we do not observe an injury to the appellant thereby. With reference to the time occupied in the Proctor trial, and other comments of counsel complained of, it may be said that the record does not purport to give the whole of any such statement, and does not advise us that such comments were not properly made in answering some argument of the appellant's attorneys. Counsel for the defense, in a criminal trial, are not privileged to open the door for improper argument, and

when they have finished, close the door against the State to answer such argument. As said in *Living-ston* v. *State,* 141 Ind. 131, where "no part of that argument is contained in the record; we must presume, * that it was of such a nature as fully justified the court in overruling the objection made to the statements of the prosecuting attorney." Under the rule in the case cited, the record discloses no harmful error.

The alleged misconduct of the jury, as set forth in the motion for a new trial, is claimed to be verified by certain affidavits, which affidavits are not brought into the record by bill of exceptions. The bill of ex-exceptions filed for that purpose refers to affidavits numbered from one to four by "here insert," and the bill is copied into the transcript as filed and without inserting the affidavits. There are copies of affidavits in other parts of the transcript, but the "here insert" is not accompanied by any reference to the location of the affidavits in the transcript.

That such affidavits must, to become a part of the record, be brought in by bill of exceptions, is not an open question. *Meredith* v. *State,* 122 Ind. 514; *McClure* v. *State,* 116 Ind. 169; *Kleespies* v. *State,* 106 Ind. 383; *Colee* v. *State,* 75 Ind. 511.

The criminal code contains no provision permitting the incorporation, by reference, of matters necessary to be brought in by bill, and the rule is that such reference cannot be made, unless the matters referred to are already a part of the record. See *Colee* v. *State, supra; Meredith* v. *State, supra; Leverich* v. *State,* 105 Ind. 277; Gillett's Crim. Law (2d ed.), 994.

The motion for a new trial in assigning this cause, and the court in a bill of exceptions in supporting said cause, do so upon the information from the jurors, "As admitted by the said jurors in open court when the said verdict was returned." This disclosure, if

properly verified, would defeat the assignment as a cause for new trial, since it is not within the power of jurors by their statements, even when made upon oath, to impeach their verdict. *Chicago, etc., R. W. Co. v. McDaniel*, 134 Ind. 166; *Houk v. Allen*, 126 Ind. 568.

Complaint is made that the court permitted a witness, who had gone to Nebraska in search of Alva Proctor, to testify that the latter had assumed two names other than his own. The question and answer eliciting the evidence so here objected to, were neither objected to in the trial court. A previous question, upon the same subject and not answered, was followed by a series of preliminary questions on behalf of the appellant and a motion evincing the theory that objection to this character of evidence was that it was hearsay. The question and answer now objected to, followed without objection below, and are here objected to as relating to the conduct of Proctor after the crime, and not tending to connect the appellant with the crime. It is doubtful if counsel in their brief suggest the rule that declarations of a conspirator, following the crime, are inadmisible against a co-conspirator, but if that most favorable view of his brief were given it would be an objection which the lower court did not pass upon, and, therefore, presents no available question here.

It is further objected that the same witness testified to having gone to Nebraska where he apprehended Proctor in possession of a part of the stolen property, and returned him with said property to the custody of the lower court. The objection here urged to this evidence is that it did not connect the appellant with the trip or with Proctor and was a conclusion and collateral to the issue. This objection is not argued, and we are at a loss to gather the full force of the objection

made. The appellee's evidence tended strongly to connect Proctor with the crime as a party before and after its commission, the appellant and another having acted directly in the commission of the offense, and Proctor having previously agreed to conceal the property, and having taken it after the theft. The general objections made do not suggest to our minds any rule which would render the evidence incompetent in support of the appellee's theory.

It is further objected that the same witness was permitted to testify to his having made a trip to Michigan in search for Proctor, but it contained nothing that could be supposed harmful.

Two instructions were given as to the theory of a conspiracy. It is denied that the evidence tends to support the theory, and that the instructions were, therefore, erroneous. This objection is not supported by the facts. It is said also that the instructions were erroneous because the indictment did not charge a conspiracy. No reason or authority is assigned for the proposition that one charged as a principal, with a felony, may not be convicted upon evidence of a conspiracy to commit the crime, and an actual participation in the act constituting the crime.

We have passed upon such questions only as could by any view be considered to have been fairly presented by argument, and we have reached the conclusion that the judgment should be affirmed. In doing so, however, we have not failed to observe that the conduct of the trial, as to counsel both for the appellant and for the appellee, was not, with reference to the rights of the parties respectively, as fair, candid and free from unnecessary zeal as should have ruled the inquiry as to whether a law of the State had been violated. Nor can we fully approve the action of the special judge presiding in rendering judgment and

hastening the appellant to his imprisonment before the expiration of the time allowed for filing and hear- ing a motion for a new trial. If the action did not in- dicate that the motion for a new trial was prejudged, it subjected the court to that possible criticism. While deeming these matters worthy of mention, we are influenced in our conclusion to affirm the judgment, notwithstanding, because of our strong impression that the judgment was right upon the evidence.

The judgment is affirmed.