DILLON *v.* STATE OF INDIANA

[No. 28,945. Filed December 5, 1952.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

JASPER, J.—This is an appeal from a judgment denying appellant's petition for a writ of error *coram nobis.*

On April 1, 1947, an affidavit charging appellant with forgery was filed in the Daviess Circuit Court. He was arrested on the same day, and on April 2, 1947, was brought before the Judge of the Daviess Circuit Court by the Sheriff for the purpose of arraignment. Pursuant to Rule 1-11 of this court, the following proceedings took place:

"TRANSCRIPT OF THE ARRAIGNMENT.
"PARTIES PRESENT:

"Hon. Arthur Rogers, Judge

"Mary C. Brinker, Official Court Reporter

"Alvin C. Armes, Sheriff

"Court: Is your name Hallie R. Dillon?

"Defendant: Yes sir.

"Judge: And you are the defendant in this case of State of Indiana vs. Hallie R. Dillon, #5784, in which there is an affidavit filed for forgery?

"Defendant: That's right.

"Judge: Now, I understand that you are here this afternoon in regard to whether or not to enter a plea, is that right?

"Defendant: Yes sir.

"Judge: Now, I'd like to have Prosecutor read to you the affidavit in this case and following that to read to you the statute defining the offense of forgery, you can listen to it.

"Prosecuting Attorney reads the affidavit and the law applicable.

"Judge: Now, Mr. Dillon, the law of Indiana, by a rule which has been made by the Supreme Court of Indiana, requires the judge of this court to advise you as to your legal and constitutional rights and that's what I'll do at this time. You have heard the affidavit read to you and do you understand the affidavit as read?

"Defendant: Yes sir.

"Judge: And it charges you with placing the name of 'Ralph Johnson' on that check that is set

out in the affidavit. Now, do you understand the statute which has been read to you that where anyone forges the name of another to a check, as charged in this case, that the penalty is a fine of ten dollars to one thousand dollars and it also provides for a sentence in the Indiana State Prison or the Indiana State Reformatory, whichever it may be, for a period of two to fourteen years, you understand that?

"Defendant: Yes sir.

"Judge: Now, Mr. Dillon, under the law of Indiana, when you are brought here to enter a plea you have a right to enter a plea of guilty or not guilty. If you enter a plea of not guilty, you would be entitled to have a trial in this court before the court or before a jury, whichever you chose, you'd have a right to have an attorney represent you and you'd have a right to have the witnesses brought into this court, any that you saw fit to testify, and you'd have a right to have your case presented as best you could. Do you have any money to employ an attorney?

"Defendant: No, I do not. There's no need of that anyway. I am guilty and I'll plead guilty and take my sentence and get it over with.

"Judge: The only thing is, I wish to fully cover that rule, and it is a rule, of course, in a court if a defendant hasn't an attorney and hasn't funds to have one employed, the court has a right to appoint one for your defense. If you appointed one yourself it would be an attorney of your choice. Have you any questions you would like to ask the court before you enter a plea one way or another?

"Defendant: No, I know I done it, so I might as well take what's coming to me and get it over with.

"Judge: Are you ready then to enter a plea of guilty or not guilty?

"Defendant: Yes sir.

"Judge: Now then, what is your plea?

"Defendant: Guilty.

"Judge: Your plea is guilty.

"STATE OF INDIANA

"DAVIESS COUNTY, SS:

"I, Arthur Rogers, as Judge of the 49th. Judicial Circuit of Indiana, composed of Daviess and Martin Counties in the State of Indiana, in chambers, hereby certify that the foregoing is a true and complete transcript of the proceedings in the matter of the arraignment, the acceptance and a plea of guilty, and the sentencing of the defendant in the above entitled cause, transcribed by Mary C. Brinker, the Official Court Reporter for said Judicial Circuit.

"Arthur Rogers,

"Judge of the Daviess Circuit Court.

"Filed

"Apr 2 1947

"Roscoe T. Myers

"Clerk, Daviess Circuit Court"

Upon appellant's plea of guilty, he was found guilty, and judgment was entered committing him to the Indiana State Prison for not less than two nor more than fourteen years.

On March 19, 1952, appellant filed a verified application for a writ of error *coram nobis* which, in substance, alleged that for many days prior to his arrest he had been drinking intoxicating liquors to excess, and was in a hazy, nervous, and confused condition when brought before the court, and was under the impression that he was charged with being drunk, and that he was entering a plea of guilty to being drunk; that he had taken liquor into the county jail, and that he drank it before being taken before the trial court; that he had no advice of counsel, and was rushed into the chambers of the court; that he was advised to enter a plea of guilty; that the plea of guilty was not voluntarily made, but was made as "the result of fear, nervousness and a confused and befuddled mind caused by

having been drunk for many days past, and as the result of such, defendant-petitioner has been denied his constitutional rights as given to him under Articles 12, 13, of the Constitution of the state of Indiana and the 14th. Amendment to the Constitution of the United States of America."

On the 16th day of May, 1952, appellee filed an answer under our Rule 1-3, denying the allegations of the petition for a writ of error *coram nobis*. On May 20, 1952, the court set the cause of action for hearing for June 5, 1952. Immediately prior to the hearing, appellant, through his attorney, filed a written request to have appellant returned to the trial court as a witness, which request the trial court denied. Appellant proceeded with the hearing, and introduced into evidence his verified application for a writ of error *coram nobis,* and then rested his case. Appellee introduced evidence which conflicted with every material allegation of appellant's petition for a writ of error *coram nobis.*

Appellant contends that the court committed error in refusing to order the return of appellant from prison. In *Carman et al.* v. *State* (1935), 208 Ind. 297, 308, 309, 196 N. E. 78, 83, this court said:

"As to the first assignment, we think no error was committed by the court in overruling the petition for the return of appellants to testify. The writ of error *coram nobis* is in the nature of a motion for a new trial, and, if granted, has the same effect as a new trial. . . .

"In passing upon a motion for a new trial it is not necessary that the defendant be present. *Reed* v. *State* (1896), 147 Ind. 41, 46 N. E. 135."

This court has stated that a petition for return of a prisoner in a proceeding upon a writ of error *coram*

*nobis* is addressed to the court's sound discretion. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 64 N. E. 2d 579; *Carman et al.* v. *State, supra.* Appellant, in his request for return, made no showing that his return was imperative, and it was not shown to the trial court that it was necessary for him to be present. Appellant's attorney took no action in the approximate two weeks between the time this cause was set for hearing and the date of the hearing to make a request for return of appellant or to show any necessity for his return.

Appellant's verified petition for a writ of error *coram nobis* was introduced into evidence, and there is no showing that his constitutional rights were in any way invaded by the court in denying his return. There is no showing made that the court abused its discretion. As was further said in *Carman et al.* v. *State, supra* (p. 311 of 208 Ind., p. 84 of 196 N. E.) :

> "The appellants contend that article 1, section 13, of the Constitution of Indiana gave them the right to be present at the coram nobis hearing. This provision provides:
>
> " 'In all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor.'
>
> "The appellants are in error in contending that the petition for a writ of error coram nobis is a criminal prosecution and a public trial. It is neither. The trial has already been had, and, as heretofore said, the only relief that could be granted would be the setting aside of the judgment and the granting of a new trial. As said in the case of *Stephenson* v. *State, supra,* the state may dispute the facts alleged in the petition, and the issue of

facts thus arising is tried by the court without the intervention of a jury. So it is clearly seen that the constitutional provision as heretofore set out is not applicable to the facts in the instant case."

The court did not commit error in denying appellant's request to be returned.

The material allegations of appellant's petition for a writ of error *coram nobis* were disputed, and there is conflicting evidence. Therefore this court will not weigh conflicting evidence or determine the credibility of witnesses. *Lykins* v. *State* (1952), 231 Ind. 258, 108 N. E. 2d 270; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358.

Appellant's petition contends that he "has been denied his constitutional rights as given to him under Articles 12, 13, of the Constitution of the state of Indiana." Article 12 concerns the militia of the State of Indiana. Article 13 concerns the municipal debt. Certainly, appellant's rights under these two Articles were not invaded, nor were his rights invaded under Article 1, Sections 12 and 13, of the Constitution of Indiana.

After considering all of appellant's contentions, we find that the rights of the accused were not invaded under either the Constitution of Indiana or the Constitution of the United States.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 881.