## Mrs. Matthew STINE *v.* Pat SCOTT

75-317                                                536 S.W. 2d 304

### Opinion delivered May 17, 1976

*Brockman, Brockman & Gunti,* by: *E. W. Brockman, Jr.,* for appellant.

*Owens & Fikes,* for appellee.

CONLEY BYRD, Justice. The trial court in ousting appellant Mrs. Matthew Stine from possession of Lots 10-14, Block 13, Eureka Heights Addition No. 4 to the City of Pine Bluff relied upon hearsay testimony to show that the original entry of appellant and her husband was with permission of the then owners of the property.

The record shows that Matthew Stine was a half brother of one Joe Scott, the original owner of the property in question, and that, following the death of Joe Scott in 1945, Matthew Stine lived on and claimed the property until his death some five years ago. Appellant married Stine in 1951, and she and Stine have lived on the property continuously since that time paying the taxes, making improvements and claiming it as their own.

To avoid the obvious showing of adverse possession by appellant, appellee Pat Scott testified that his mother, Elsie Reed, and his father, Joe Scott, got married by clapping their hands. There were three children born of that marriage — i.e., Harriet Scott, Georgie Scott and himself —, and Harriet and Georgie had died without issue. He stated that he was not able to go to his father's funeral but that Georgie Scott did go. When Georgie Scott returned from the funeral, Georgie stated that permission had been given to Matthew Stine to take possession of the property and to keep up the taxes.

The trial court in a written opinion readily recognized that the foregoing testimony was hearsay but ruled that it was competent evidence to show that Matthew Stine entered into possession of the property with permission, thereby defeating a claim for adverse possession by appellant. In holding that the evidence was competent, the trial court relied upon 31A C.J.S. *Evidence* § 210 (1964). When the cases cited as authority in C.J.S., *supra,* are considered, it at once becomes obvious that the author was there concerned with whether the admission of hearsay evidence before a chancellor is reversible error — not whether such hearsay is competent evidence. An example of the authorities relied upon in 31A C.J.S. *Evidence* § 210 is *Carmen, et al* v. *State,* 208 Ind. 297, 196 N.E. 78 (1934), where the court stated:

> ". . . The petition for a writ of error coram nobis is heard by the court without a jury, the same as a motion for a new trial is heard. Counter affidavits may be filed and the strict rule of excluding hearsay evidence is not adhered to so closely as in the trial of a cause. 22 Corpus Juris 185. If it be granted that some of the statements in the affidavits were hearsay, this alone would not be reversible error if such statements were not harmful to the appellants and the finding of the court did not depend on the incompetent evidence for its support."

From the foregoing it can be readily seen that the authorities do not recognize any greater ability in trial judges to weigh and consider incompetent evidence than that given to a jury.

To sustain the action of the chancellor, appellee relies upon *Dial* v. *Armstrong*, 195 Ark. 621, 113 S.W. 2d 503 (1938) and *Crawford* v. *Center*, 193 Ark. 287, 100 S.W. 2d 83 (1936). No hearsay was involved in *Dial* v. *Armstrong, supra,* as the witnesses there testified to being present and hearing the agreement between Dial and Armstrong. Nor can appellee find any relief in *Crawford* v. *Center, supra,* which permits an exception to the hearsay rule in a wrongful death action for the purpose of showing the intent of a deceased child to support a parent for the purpose of proving the parent's expectation for receiving pecuniary aid from the child.

In the absence of any evidence showing a permissive entry, it follows that the trial court erroneously entered a decree in favor of appellee. This disposition makes it unnecessary for us to consider the other issues raised in the briefs.

Reversed and remanded for entry of a decree not inconsistent herewith.