Everett PAGE, Petitioner–Appellant,

v.

STATE of Indiana, Respondent–Appellee.

No. 65A01–8707–PC–173.

Court of Appeals of Indiana, First District.

Jan. 12, 1988.

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Everett "Red" Page, Jr. (Page), appeals the Posey Circuit Court's denial of his petition for post-conviction relief filed pursuant to Ind. Rules of Procedure, Post–Conviction Rule 1.

We affirm.

## STATEMENT OF THE FACTS

On May 23, 1979, following a trial by jury, Page was convicted of rape, a Class B felony under IND.CODE 35–42–4–1(a)(3). Page was sentenced to a fourteen-year term of imprisonment. On direct appeal the supreme court affirmed Page's conviction. *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304, *on remand* 424 N.E.2d 1021, *aff'd* 442 N.E.2d 977. In prison. Page earned one day of credit for each day he served, halving the time he had to serve. Thus, Page was eligible for release after serving approximately seven years. On September 6, 1985, the date he was re-leased on parole, Page was supposed to sign a Conditional Parole Release Agreement, the standarized form setting forth the terms and obligations of parole. Believing that parole did not apply to him because he had served his sentence, Page refused to sign the agreement; nonetheless, he was released. Page immediately moved to Biloxi, Mississippi, where construction work was available in the wake of a hurricane.

On October 30, 1985, the Indiana Parole Board declared Page delinquent because he had failed to: initially report to his parole officer, follow his specific reporting instructions, and obtain a travel permit before leaving the state, all in contravention of the parole agreement. On December 2, 1985, Page was stopped in Mississippi for a traffic violation and his parole delinquency was discovered. Page was returned to Indiana and, on December 19, 1985, a preliminary hearing was held to determine if probable cause existed to hold a formal parole violation hearing. At the hearing probable cause was determined for all three violations and a formal hearing was scheduled. After the formal hearing on February 5 and 7, 1986, Page's parole was revoked and he was assessed one year's imprisonment. At the end of that year Page was denied parole because of the nature and circumstances of his crime, his prior criminal record, and his misconduct and attitude while incarcerated.

On April 21, 1986, Page filed for post-conviction relief, alleging that his parole

had been unlawfully revoked. A hearing on Page's petition was held on January 30, 1987. Page was not allowed to be present at the hearing, but his affidavit was admitted in lieu of his testimony. Page argued that, because he did not sign the parole release agreement, he was not bound by it and his parole could not be revoked for violating its conditions. He also argued that, considering his time served and the credit time he earned, his sentence had expired and his parole could not be revoked. The trial court denied Page relief, having concluded that he was not required to sign the parole agreement and, even assuming otherwise, Page had been advised of its terms and he had received its benefits by being paroled. Page then instituted this appeal.

## ISSUES

Page presents the following issues, claiming the post-conviction court erred in:

I. Refusing to allow him to be present at his post-conviction hearing; and

II. Denying him relief, because he had refused to sign the parole agreement and he had completed his sentence.

## DISCUSSION AND DECISION

ISSUE I: *Presence at Post–Conviction Hearing*

Page recognizes that whether or not he was present at the hearing was within the post-conviction court's discretion. Ind. Rules of Procedure, Post–Conviction Rule 1, Sec. 5. Page maintains that he was a material witness to the substantial factual issues raised in his petition for post-conviction relief, requiring his presence at the hearing.

■ The right to be present during all critical stages of the proceedings requires only that the defendant be present during his trial. *Gallagher v. State* (1984), Ind. App., 466 N.E.2d 1382. Even if a defendant is wrongfully excluded from a proceeding, the exclusion must be prejudicial.

*Childers v. State* (1980), Ind.App., 408 N.E. 2d 1284.

■ On August 4, 1986, nearly five months before the hearing was held, the post-conviction court notified the parties that it did not intend to have Page returned for the proceeding, but it would accept depositions, transcripts, or affidavits in lieu of his oral testimony. Page's affidavit was admitted into evidence at the hearing without objection; indeed, at the hearing the State conceded the facts were not in dispute. Although Page's counsel objected at the hearing to Page's absence, Page did not show at any time prior to the hearing, nor does he in his brief, why his presence at the hearing was a necessity. *Dillon v. State* (1952), 231 Ind. 396, 108 N.E.2d 881; *Carman v. State* (1935), 208 Ind. 297, 196 N.E. 78. We cannot conclude the post-conviction court abused its discretion in not returning Page for the hearing.

ISSUE II: *Parole Revocation*

Page argues his parole was unlawfully revoked because the revocation was based upon violations of a parole agreement he refused to sign, and the revocation deprived him of good time credit in that he had completed his sentence.

IND.CODE 11–13–3–4(c): "When a person is released on parole he shall be given a written statement of the conditions of his parole. Signed copies of this statement shall be retained by that person, forwarded to any person charged with his supervision, and placed in his master file." Pursuant to this statute, the Indiana Parole Board has adopted a standarized form setting forth the conditions of parole.[1] However, when Page was presented with the agreement he refused to sign it, believing he had completed his sentence and thus was being discharged, not paroled. Page argues that his signature was required to render the agreement enforceable, and that he should not have been released without signing the agreement.

■ Even if the signature of all the parties might otherwise be considered necessary, a contract may be considered bind-

---

1. The text of the uniform agreement is found at    220 I.A.C. 1.1–3–11.

ing nonetheless. *Parrish v. Terre Haute Savings Bank* (1982), Ind.App., 431 N.E.2d 132, *reh. denied,* 438 N.E.2d 1; 6 *I.L.E. Contracts* § 53 (1958). Page concedes that he was aware of the agreement and that he committed the violations, but maintains he was not subject to parole. To accept Page's argument would be to allow him to profit from his intransigence and erroneous interpretation of the law. Moreover, Page could not be denied parole absent his signature on the release agreement. IND. CODE 11–13–3–3(a). The post-conviction court determined that Page was advised of the terms and received the benefits of the release agreement. The record supports those findings.

■ Page also argues that the revocation of parole deprived him of earned credit time because he had completed his sentence. Page is mistaken.

■ Page received a fourteen-year sentence and, pursuant to IND.CODE 35–50–6–3(a), he earned one day of credit for each day he was incarcerated. Thus, he was eligible for release after serving seven years. However, this does not mean that Page has completed his sentence and is entitled to discharge.

IND.CODE 35–50–6–1 provides:
(a) When a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be released:
(1) on parole; or
(2) to the committing court if his sentence included a period of probation.
(b) A person released on parole remains on parole from the date of his release until his fixed term expires, unless his parole is revoked or he is discharged from that term by the Indiana parole board. In any event, if his parole is not revoked, the parole board shall discharge him not more than one (1) year after the date of his release.
(c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term. However, he shall again be released on parole when he

completes that remainder, less the credit time he has earned since the revocation. The parole board may reinstate him on parole at any time after the revocation.

The credit time statute is only applied to determine when felons are eligible for parole. While on parole the parolee remains in legal custody because, although parole is an amelioration of punishment it is, in legal effect, still imprisonment. *Overlade v. Wells* (1955), 234 Ind. 436, 127 N.E.2d 686. IND.CODE 35–50–6–1(a) makes it clear that a felon is released to either parole or probation; he is not completely discharged. Therefore, Page's parole revocation was not unlawful.

Accordingly, the judgment is in all things affirmed.

Judgment affirmed.

MILLER, P.J., and ROBERTSON, J., concur.