## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2019, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Hubert Williams
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Patricia C. McMath
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hubert Williams,

*Appellant-Petitioner,*

v.

Mark Sevier and
State of Indiana,

*Appellees-Respondents.*

May 10, 2019

Court of Appeals Case No.
18A-MI-1905

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1807-MI-969

**Mathias, Judge.**

[1] Hubert Williams ("Williams") appeals from the LaPorte Circuit Court's denial of his petition for writ of habeas corpus arguing that the conditions of his parole

do not apply since he refused to sign his parole agreement and that his earned credit time satisfied his sentence.

[2] We affirm.

## Facts and Procedural History

[3] As the result of a robbery conviction, Williams was ordered to serve twelve years at the Indiana Department of Correction ("DOC") in June of 2012. After having earned credit time toward release, Williams was released to parole on or about July 29, 2016. When Williams met with DOC release personnel in the days prior to his release, he refused to sign a conditional release agreement or any of the parole documents. Approximately six days after his release, on August 5, 2016, the Parole Board found probable cause to believe that Williams had violated the terms of his parole agreement and issued a warrant for his arrest. The Parole Board then revoked his parole on or about June 28, 2017 for violating three separate conditions of his parole agreement. Thereafter, on July 5, 2018, Williams filed a petition for habeas relief in LaPorte Circuit Court. Four days later, on July 9, 2018, the trial court denied the petition. Williams now appeals.

## Discussion and Decision

[4] The issue on appeal is whether the trial court erred by denying Williams's petition for writ of habeas corpus. Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint,

and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility,* 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds*. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id*.

"While on parole the parolee remains in legal custody because, although parole is an amelioration of punishment it is, in legal effect, still imprisonment." *Page v. State*, 517 N.E.2d 427, 430 (Ind. Ct. App. 1988). Indiana Code section 35-50-6-1 details the mandatory nature of parole:

> (a) Except as provided in subsection (d) or (e), when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be:
>
>> (1) released on parole for not more than twenty-four (24) months, as determined by the parole board, unless:
>>
>>> (A) the person is being placed on parole for the first time;
>>>
>>> (B) the person is not being placed on parole for a conviction for a crime of violence . . .
>>>
>>> (C) the person is not a sex offender . . .; and
>>>
>>> (D) in the six (6) months before being placed on parole, the person has not violated a rule of the department of

correction or a rule of the penal facility in which the
person is imprisoned;

(2) discharged upon a finding by the committing court that the
person was assigned to a community transition program and
may be discharged without the requirement of parole; or

(3) released to the committing court if the sentence included a
period of probation.

A person described in subdivision (1) shall be released on parole
for not more than twelve (12) months, as determined by the
parole board.

***

(c) A person whose parole is revoked shall be imprisoned for all
or part of the remainder of the person's fixed term. However, the
person shall again be released on parole when the person
completes that remainder, less the credit time the person has
earned since the revocation. The parole board may reinstate the
person on parole at any time after the revocation.

[6]     Williams argues that his earned credit time served to decrease his sentence such

that the entirety of his sentence was complete at the time he was released from

the DOC. This argument is based on a fundamental misunderstanding of

parole, as parole is a part of one's sentence, and the law distinguishes "release"

from "discharge." *See Majors v. Broglin*, 531 N.E.2d 189, 190 (Ind. 1988)

("[Indiana Code Section 11-13-3-1 and Indiana Code Section 35-50-6-1]

distinguish between release on parole and discharge. A person serving a

sentence for a felony, who receives parole under Indiana Code [section] 35-50-6-1, is released on parole after service of his fixed term less credit time he has earned with respect to that term.").

[7] Williams also argues that he is not bound by the conditions of parole because he refused to sign the parole contract provided to him prior to his release. However, it has long been established in Indiana that an offender who does not sign his or her parole paperwork is still bound by the conditions of parole. *Page*, 517 N.E.2d at 430. Moreover, a contract can be considered binding even if not all parties have signed the contract. *Parrish v. Terre Haute Savings Bank*, 431 N.E.2d 132, 135–136 (Ind. Ct. App. 1982), *trans. denied*.

## Conclusion

[8] Because Williams's arguments regarding the reduction of his sentence are based on a fundamental misunderstanding of parole and because he is bound by the conditions of parole although he refused to sign the paperwork, we affirm the trial court's denial of his petition for habeas corpus.

[9] Affirmed.

Vaidik, C.J., and Crone, J., concur.